## DILLAYE a. NILES.

*Supreme Court, First District; Special Term, March,* 1857.

EQUITIES AGAINST ASSIGNOR.—HOW PLEADED.

In an action by the *assignee* of a claim, a demand existing prior to the assignment in favor of defendant and against the *assignor,* is unavailable as a *counter-claim ;* and if so pleaded, no reply is necessary.

Order to show cause why the plaintiff should not have leave to serve a reply, although his time for replying had expired.

The action was brought by Stephen D. Dillaye as assignee of Cyrus F. True, against George W. Niles. The complaint alleged that the assignor of the plaintiff employed the defendant, in 1844, as an attorney, to collect a promissory note; that the defendant collected the amount due on the note, $124, with interest, in an action in the New York Common Pleas, but retained the whole and converted it to his own use.

The answer was served August 29, 1856, and denied the plaintiff's right to sue as assignee, as well as all the allegations of the complaint. It also set up a counter-claim, amounting to $150, existing against the plaintiff's assignor, on April 20, 1857, the assignment relied on by the plaintiff being alleged to have been made April 25, 1857.

The plaintiff neglected to serve a reply during the time allowed by law, and now applied for leave to reply.

*D. M. Baker,* for the motion.

*Charles D. Evans,* opposed.

DAVIES, J.—A counter-claim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action. It is apparent that the defendant sets up no indebtedness of the plaintiff to him on which he could recover against him. He claims that True, the assignor of the plaintiff at the time of and prior to the assignment of the demand against the defendant, was indebted to the defendant in a sum sufficient to extinguish such claim. This is not a counter-claim. It is relied on as a payment of the claim. The defendant does not pretend to have a cross-demand against the plaintiff; but merely alleges matter, which, if true, shows that the plaintiff never had a cause of action against him. Such matter required no reply.* (Davidson *a.* Remington, 12 *How. Pr. R.*, 310.)

If, however, plaintiff desires to reply, he may do so, *nunc pro tunc,* on payment of $7 costs of opposing this motion.

---

* See also the case of Ferrera *a.* Depew, *Ante,* 131, where, in the New York Common Pleas an analogous answer was held demurrable.